## STATE COURT OF APPEALS—Continued

No. 348

CINCINNATI (City) v. KIRK

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2727.  Decided Dec. 28, 1925

Note—The Cincinnati Superior Court opinion will be found in 3 Abs. 450.

1049.  RIPARIAN RIGHTS—1.  Riparian owners entitled to damages for pollution to stream.

2.  Such damages only for the time owners are seized of abbutting property.

HAMILTON, J.

Theo. Kirk and Margaret Kirk brought this action to recover damages caused by the City of Cincinnati in permitting the discharge of sewage into a creek running through the lands of the Kirks.  The cause was tried to a jury in the Hamilton Common Pleas and the jury found for the Kirks in the amount of $5000.

The City prosecuted error in that the evidence showed that the land through which the creek ran was not owned by the Kirks during the entire period for which damages were asked and recovered.  The Court of Appeals held:

1.  Recovery of damages to lower riparian owners may be recovered only for such period of time as such owners have the property in their possession.

2.  In view of the evidence showing that the Kirks did not have this land in their possession for the entire period for which damages were assessed, a remititur of $312.50 is ordered and judgment affirmed.

Judgment as modified affirmed.

Attorneys—F. K. Bowman & H. M. Bruestle for City; Peck, Shaffer & Williams, and M. Sayler for Kirks; all of Cincinnati.

---

No. 349

HAUBROCK v. LAMPING

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2669.  Decided Nov. 30, 1925

480.  EVIDENCE—1.  Statements made by injured party immediately after injury held admissible and not hearsay.

2.  Facts joined in issue must be submitted to jury.

HAMILTON, J.

This cause arose owing to the alleged negligence of F. J. Lamping maintaining a pit in a passageway between two houses owned by him, said passageway being used as a means of access to a kitchen situated in the rear of one of these houses.  It appears from the evidence that Mary Haubrock, while using said passageway, as an employee of a tenant fell into said pit and was severely injured.

Immediately after said accident she went to the kitchen situated at the end of said passageway and told her employer of what had occurred, whereupon she fainted and was taken to a hospital.  An attempt was made to introduce the testimony of the employer, but the court excluded same as hearsay.

Defendant, Lamping, contended that Haubrock was a mere trespasser and that there was no direct evidence to show that Haubrock was injured by falling into said pit.

Evidence was introduced tending to show that Haubrock was a licensee and that although no one saw the accident, the apron and pocketbook of the injured person were found at the bottom of the pit.

On motion of Lamping the Hamilton Common Pleas directed a verdict in his favor.  Error was prosecuted and the Court of Appeals held:

1.  Where a statement is made immediately after the injury, in the presence of the person testifying who asserts the circumstances as observed by him, this constitutes an exception to the hearsay rule, and is admissible.

2.  Exclusion of the testimony of the employer as to what transpired immediately after the accident was error.

3.  Whether the party was a licensee or trespasser and whether injury occurred as alleged are matters of fact for the jury to decide and it was reversible error to direct verdict in view of this evidence.

Judgment reversed and case remanded.

Attorneys—Allen C. Roudebush for Haubrock; Oscar W. Kuhn for Lamping; all of Cincinnati.